FILED
United States Court of Appeals
Tenth Circuit

August 29, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:  MARK S. MILLER;
JAMILEH MILLER,

Debtors.

------------------------------

MARK S. MILLER;
JAMILEH MILLER,

Appellants,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY; SALLY J.
ZEMAN, Trustee,

Appellees.

No. 13-1410
(D.C. No. 1:12-CV-03279-PAB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The parties are familiar with the underlying facts of this case, which we need not detail here. In our prior opinion in this case, *Miller v. Deutsche Bank National Trust Co. (In re Miller)*, 666 F.3d 1255 (10th Cir. 2012), we clarified the nature of the proof required for Deutsche Bank to establish its standing as a "party in interest" entitled to seek relief from the automatic stay in the debtors' bankruptcy. We then remanded for further proceedings on that issue. *Id.* at 1265. On remand, the bankruptcy court held an evidentiary hearing and received additional evidence and testimony concerning Deutsche Bank's standing as a creditor of the debtors' estate. It concluded that Deutsche Bank had demonstrated its standing and its entitlement to relief from stay. The debtors appealed to the district court, which affirmed the order and judgment of the bankruptcy court.

The debtors then filed a post-judgment motion in the district court, seeking relief pursuant to Fed. R. Civ. P. 50(b), 59, and 60(b). The district court construed their motion as a motion for rehearing under Fed. R. Bankr. P. 8015. Before the district court could rule on their motion, they appealed to this court from the district court's judgment affirming the bankruptcy court's order. We held the appeal in abeyance until the district court ruled on the post-judgment motion. When it denied the motion, this ripened the prior-filed notice of appeal. *See* Fed. R. App. P. 6(b)(2)(A)(i). The debtors did not file a new or amended notice of appeal from the district court's ruling on their post-judgment motion.

On appeal, the debtors raise eight issues: (1) whether the bankruptcy court lacked subject matter jurisdiction to hold an evidentiary hearing after remand; (2) whether the bankruptcy court abused its authority by awarding Deutsche Bank possession and control of the debtors' real property; (3) whether further proceedings in the bankruptcy court and/or the order entered as a result of the evidentiary hearing were barred by res judicata or because they were beyond the scope of our previous mandate; (4) whether the bankruptcy court's order denying their summary judgment motion represented an abuse of discretion; (5) whether the purported original promissory note Deutsche Bank presented at the hearing was self-authenticating; (6) whether the bankruptcy court's ruling on the authenticity of the proposed note was erroneous; (7) whether the bankruptcy court improperly granted Deutsche Bank's motion for protective order; and (8) whether the district court abused its discretion by denying the debtors' post-judgment motion.

Because the debtors did not file a new or amended notice of appeal from the district court's denial of their Rule 8015 motion, we lack jurisdiction to address their eighth issue, and we therefore dismiss the appeal as to that issue. *See* Fed. R. App. P. 6(b)(2)(A)(ii) ("Appellate review of the order disposing of the [8015] motion requires the party, in compliance with Rules 3(c) and 6(b)(1)(B), to amend a previously filed notice of appeal."). As for the remaining seven issues, "[i]n an appeal in a bankruptcy case, we independently review the bankruptcy court's decision, applying the same standard as the . . . district court. We thus review the

- 3 -

bankruptcy court's legal determinations de novo and its factual findings for clear error." *Miller v. Bill & Carolyn Ltd. P'Ship (In re Baldwin)*, 593 F.3d 1155, 1159 (10th Cir. 2010) (citations omitted). Having carefully reviewed the briefs, the record, and the applicable law under the appropriate review standards, we discern no reversible error in the issues presented and therefore affirm the challenged judgment of the district court.

Entered for the Court


Bobby R. Baldock
Circuit Judge